**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4248**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BILLY RAY CRAWFORD, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-470-TLW)

———————————

Submitted: February 22, 2007          Decided:  February 28, 2007

———————————

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

David G. Pagliarini, HINCHEY MURRAY & PAGLIARINI, LLC, Charleston, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy Ray Crawford pled guilty to conspiracy to possess with intent to distribute fifty grams or more of cocaine base (crack) and 500 grams or more of cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a), (b)(1)(A) (West 1999 & Supp. 2006). The district court imposed a sentence of 360 months imprisonment and ten years of supervised release. Crawford's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Crawford has filed a pro se motion requesting substitute counsel or an order directing his attorney to perfect the appeal. We deny the motion, and affirm the district court's judgment.

In the Anders brief, counsel argues that Crawford's sentence violates the Sixth Amendment because it includes an enhancement for possession of a firearm during the offense, even though Crawford did not admit that he possessed a weapon. The record reveals that several cooperating witnesses told investigators that Crawford carried a gun during his drug activities, that Crawford withdrew his objection to the enhancement at the sentencing hearing, and that he was sentenced under an advisory guideline scheme. Because the sentence did not exceed the statutory maximum sentence that applied based on Crawford's guilty plea, no Sixth Amendment error occurred. United States v. Morris,

429 F.3d 65, 72 (4th Cir. 2006).  Moreover, the court did not plainly err in making the weapon enhancement.

Crawford also asserts that he was entitled to a downward departure for substantial assistance, and that the government failed to comply with the terms of the plea agreement when it did not move for a departure.  However, the agreement provided that the government would move for a departure only if it deemed Crawford's cooperation to be substantial.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm the conviction and sentence.  We deny Crawford's motion for new counsel or, alternatively, for an order directing his attorney to file a non-<u>Anders</u> brief.  This court requires that counsel inform his client, in writing of his right to petition the Supreme Court of the United States for further review.  If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>